UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| MAURICE "MR. RESSO" ROSS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CAUSE NO. 2:13CV305-PPS |
| vs. ) | |
| ) | |
| KENNETH L. KIRK, SR., ) | |
| ) | |
| Defendant. ) | |

OPINION AND ORDER

Maurice "Mr. Resso" Ross, a *pro se* plaintiff, has filed a complaint against defendant Kenneth L. Kirk, Sr., in which Ross asserts that he was the victim of "libel, slander, reckless infliction, invasion of privacy, malice, and malicious prosecution." [DE 1 at 1.] Ross also filed an application to proceed without prepaying fees or costs. [DE 2.] After reviewing Ross's application, it appears that Ross lacks the financial resources to pay the filing fee at this time, and the application will be granted.

However, pursuant to 28 U.S.C. § 1915(e)(2)(B), the court must also review the merits of the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Furthermore, federal courts have limited jurisdiction and are obligated to inquire into their own subject matter jurisdiction. *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 533 (7th Cir. 2007). After inquiring into this court's subject matter jurisdiction over Ross's claims, it is clear that Ross's complaint must be dismissed for lack of subject matter jurisdiction.

Ross's complaint is difficult to follow and is filled with a wide variety of allegations, many of which seem to bear no logical connection to the causes of action he attempts to present. Despite the confusing nature of Ross's complaint, "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). The facts pled in Ross's complaint indicate that defendant Kirk is Ross's father-in-law, and paint a picture of Kirk as an abusive husband and father of whom Ross's wife has long been afraid. Allegations dating back to 2005 outline a dysfunctional family plagued by substance-fueled misbehavior and violence.

The pleading presents no questions or claims under federal law, so this court does not have what is called federal question jurisdiction over Ross's complaint under 28 U.S.C. § 1331. The preamble to the complaint references claims for libel, slander, reckless infliction, invasion of privacy, malice, and malicious prosecution. Of these legal theories, only "malicious prosecution" potentially presents a federal question, with the others possibly being state law claims. For "malicious prosecution" to properly present a federal question, however, Ross would have had to bring this cause of action under 42 U.S.C. § 1983, which he does not invoke and which would fail in any case, as the defendant is not a state actor. *See Reed v. City of Chicago*, 77 F.3d 1049, 1051 (7th Cir. 1996) (explaining that in order to state a claim for malicious prosecution under section 1983 a plaintiff must, in part, demonstrate that the malicious prosecution was committed by state actors).

Neither does diversity jurisdiction under 28 U.S.C. § 1332 appear to provide this court with jurisdiction over Ross's complaint. "In order to support diversity jurisdiction under 28

2

U.S.C. sec. 1332, two basic requirements must be satisfied: (1) complete diversity of citizenship between the plaintiffs and the defendants and (2) the proper amount in controversy (more than $75,000)." *Neuma, Inc. v. AMP, Inc.*, 259 F.3d 864, 881 (7th Cir. 2001). Since Ross's complaint identifies both parties as citizens of the State of Indiana, there is not complete diversity of citizenship between the parties as required to support diversity jurisdiction.

Lack of subject matter jurisdiction is a species of frivolity supporting dismissal under §1915.  "Although dismissal for want of jurisdiction is not a ground specifically enumerated in §1915(g), a strike is nevertheless permissible when the assertion of jurisdiction is frivolous," because "the 'term "frivolous" is used to denote not only a claim wholly lacking in merit but also a suit that, for whatever reason, clearly can't be maintained.'"  *De La Garza v. De La Garza*, 91 Fed.Appx. 508, 509 (7th Cir. 2004), quoting *Okoro v. Bohman*, 164 F.3d 1059 (7th Cir. 1999). Dismissal under §1915 is proper where the court lacks subject-matter jurisdiction because the complaint does not raise a federal question and does not plead the requisite allegations of diverse citizenship.  *Sanders-Bey v. United States*, 267 Fed.Appx. 464, 465 (7th Cir. 2008).

**ACCORDINGLY:**

Plaintiff Ross's motion for leave to proceed *in forma pauperis* [DE 2] is **GRANTED.**

The complaint is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B) for lack of subject-matter jurisdiction, and the Clerk shall enter judgment accordingly.

**SO ORDERED**.

ENTERED: October 15, 2013         /s/ Philip P. Simon
                                  PHILIP P. SIMON
                                  CHIEF JUDGE
                                  UNITED STATES DISTRICT COURT